**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

OMAR KHATTIM ALI,

        Plaintiff,                      Case. No. 2:21-cv-10486

                                                   Hon. Denise Page Hood

v.

CORIZON MEDICAL PROVIDER,

        Defendant.
_____/

**ORDER SUMMARILY DISMISSING COMPLAINT WITHOUT
PREJUDICE, DENYING PLAINTIFF'S APPLICATIONS TO PROCEED *IN
FORMA PAUPERIS* (ECF NOS. 2, 5), AND DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT (ECF NO. 6)**

Plaintiff Omar Khattim Ali was a state prisoner incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan, at the time he filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint appears to be that he did not receive the glasses and orthopedic shoes he needs and that he was denied other medical care, for which he seeks compensatory damages. (Compl., ECF No. 1, PageID.3.) Having reviewed the complaint, accompanying exhibits, and Plaintiff's litigation history in the federal courts, the Court concludes that the complaint must be dismissed without prejudice pursuant to the "three strikes" rule of 28

U.S.C. § 1915(g). Plaintiff's motion to amend his complaint (ECF No. 6) will also be denied.

## I. DISCUSSION

Plaintiff has filed an application to proceed without prepayment of the filing fee. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

However, a prisoner who has had three or more previous lawsuits dismissed as frivolous or malicious or failing to state a claim for which relief may be granted does not qualify for pauper status. 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). A "three strikes" plaintiff must pay the filing fee in full "before his action may proceed." *Butler v. United States*, 53 F. App'x 748, 749 (6th Cir. 2002). If the fee is not paid, the court must dismiss the case without prejudice, which permits the plaintiff "to pursue his action upon payment of the full filing fee." *Shabazz v.*

*Campbell*, 12 F. App'x 329, 330 (6th Cir. 2001).

The three-strikes provision applies to Plaintiff, as at least three of his cases in federal court have been dismissed as frivolous, malicious, and/or failing to state a claim. *See Ali v. Stranlay, et al.*, No. 2:20-CV-3, 2020 WL 1921535, at *2 (W.D. Mich. Apr. 21, 2020) (dismissed as frivolous); *Ali v. Brennan*, No. 19-CV-13613, 2019 WL 7020215, at *2 (E.D. Mich. Dec. 20, 2019) (failed to state a claim); *Ali v. Stranley, et al.*, No. 2:19-CV-70, 2019 WL 2314687, at *4 (W.D. Mich. May 31, 2019) (same). In addition, Plaintiff was denied pauper status under the three-strikes rule in at least two prior cases. *See Ali v. Stranley, et al.*, No. 2:20-CV-101, 2020 WL 4284567, at *2 (W.D. Mich. July 27, 2020); *Ali v. Unknown Part(y)(ies)*, No. 1:20-CV-355, 2020 WL 2193141, at *2 (W.D. Mich. May 6, 2020).

A prisoner who would otherwise qualify for a "three-strikes" dismissal may proceed *in forma pauperis* on a new complaint if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). That requires a plaintiff to allege threats or conditions that are "real and proximate" and that present a danger of serious physical injury in existence at the time of the complaint's filing. *Vandiver v. PHS, Inc.*, 727 F.3d 580, 585 (6th. Cir. 2013) (citing *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

The Court has carefully reviewed Plaintiff's complaint and exhibits,

liberally construing his pleadings as it must for *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). It finds Plaintiff does not meet the imminent danger exception.

Plaintiff's exhibits show that he wrote to healthcare to request glasses and solar shields, orthopedic shoes, and over-the-counter medication refills; assistance with his diet; and care for a chipped tooth. *See, e.g.*, ECF No. 1-1, PageID.24, 31, 35, 39. Responses to Plaintiff's "kites" state that he is on a waitlist for dental care, the dietician and the optometrist; that his medications and other items needed were ordered; and that if his medical needs become more urgent, to notify the health care unit right away. *See, e.g., id*. at PageID.20, 24, 36, 39, 43. None of the health issues Plaintiff raises suggest any "danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff also filed a motion to amend his complaint. ECF No. 6. Plaintiff seeks to sue all defendants in their individual capacities and to establish diversity jurisdiction as to defendant Corizon. *Id*. at PageID.12-13. Neither change alters the Court's conclusion that Plaintiff has not met the imminent danger exception and is subject to a three-strikes dismissal.

Nor does Plaintiff's affidavit, ECF No. 7. In that document, Plaintiff objected to being denied release on parole, for medical reasons and because he asserts he is past his earliest release date. However, Plaintiff

was released on parole June 2, 2021, mooting related claims.[1] In addition, Plaintiff's passing mention of harassment by guards is "insufficient to support a section 1983 claim for relief." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citation omitted).

## II. ORDER

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's applications for *in forma pauperis* status (ECF Nos. 2, 5) are **DENIED** and Plaintiff's Motion to Amend Complaint (ECF No. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: June 30, 2021

---

[1] The Court obtained Mr. Ali's status from the Michigan Department of Corrections' Offender Tracking Information System (OTIS). *See Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821, n. 3 (E.D. Mich. 2004) (The Court is permitted to take judicial notice of OTIS).

5